# EXHIBIT A

IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

JOHN MICHAEL LEBLANC )
)
     Plaintiff. )
)
VS. )          Docket No. CH-12- 1810- 1
)
BANK OF AMERICA, N.A. and )
BAC HOME LOANS SERVICING, LP )
 fka COUNTRYWIDE HOME LOANS )
SERVICING, LP CORP., )
RUBIN LUBLIN TN, PLLC )
)
)
     Defendants. )

FILED SHELBY COUNTY CHANCERY COURT
NOV 2 6 2012
DONNA L. RUSSELL, C & M
TIME: 1344 BY: LJT

## PETITION FOR DECLARATORY AND INJUNCTIVE RELIEFAND COMPLAINT FOR DAMAGES

TO THE CHANCELLORS OF THE CHANCERY COURT FOR THE THIRTIETH

JUDICIAL DISTRICT:

     COMES NOW the Plaintiff, John Michael LeBlanc, by and through legal counsel,

Brewer & Barlow PLC, Webb Brewer and Deidre Smith, and files his Petition and Complaint

and state as follows:

### I.  Preliminary Statement

1.     Plaintiff John Michael LeBlanc brings this Petition for Declaratory and

Injunctive Relief and Complaint for Damages pursuant to the Tennessee Consumer

Protection Act, Tenn. Code Ann. §47-18-101 *et seq.*  He also alleges breach of

contract arising from a mortgage loan transaction secured by his home at 3786 Old

Brownsville Road, in Memphis, Tennessee; promissory estoppels based on promises

made to him regarding a permanent loan modification; and negligent misrepresentation based on information provided by a BOA loan representative.

## II. <u>Jurisdiction and Venue</u>

2.      Jurisdiction is conferred on this Court by T.C.A. § 16-11-101.

3.      Venue is proper in this Court as the claim arose in this District.

## III. <u>Parties</u>

4.      Plaintiff, John Michael LeBlanc, is an adult citizen and resident of Memphis, Shelby County, Tennessee and resides at 3786 Old Brownsville Road, Memphis, Tennessee 38135.

5.      Defendant Bank of America Corporation ("BOA") is a corporation organized and existing under the laws of the State of Delaware. BOA is a bank holding company and a financial holding company its principle offices are at Bank of America Corporate Center, 100 North Tryon Street, Charlotte, North Carolina, 28255.   At all relevant times, BOA has transacted and continues to transact business in Memphis and Shelby County, Tennessee. BOA does not have a registered agent for service of process in Tennessee.

6.      Defendant BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP ("BAC"), is a foreign limited partnership with principal offices at 6400 Legacy Drive in Plano, Texas, whose registered agent for service of process is CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929.

7.      Defendant Rubin Lublin TN PLLC, a law firm, is a professional limited liability corporation duly licensed in the State of Tennessee whose registered agent for service of process is Natalie Brown, 119 S Main St., Suite 500, Memphis, TN 38103-3659.

## IV. Factual Allegations

8.      The Plaintiff has owned the property at 3786 Old Brownsville Road since 2005. Several years ago Plaintiff experienced marital and financial difficulty.  In August 2006, he decided to refinance his home through a loan with Countrywide Home Loans, Inc.  Mr. LeBlanc executed a Promissory Note, Deed of Trust and other related documents to effectuate the loan.  Defendant Bank of America later became the servicer of the loan.

9.      The loan was for a term of thirty years. The amount financed was approximately $114,300.00 and the initial Annual Percentage Rate charged in association with the loan was 10.800 %. It was an adjustable rate loan. Mr. LeBlanc did not understand that the rate could go as high 17.800.

10.     The monthly payments on the loan were approximately $1,071.21, excluding escrow payments for taxes and insurance.

11.     Around 2007 or 2008, Mr. LeBlanc's business income declined and he began to have difficulty in making his monthly mortgage payments and sought a loan modification.

12.     Bank of America is a participant in the Home Affordable Mortgage Program ("HAMP").

13.     The HAMP program was initiated on March 4, 2009 by the United States Department of Treasury as part of the Making Home Affordable Program and is designed to reduce mortgage payments and provide other relief for mortgage borrowers who are at risk of foreclosure.

14.     Participating mortgage servicers are provided significant financial incentives for soliciting eligible borrowers for assistance in the HAMP program.

15.     The essence of the HAMP program is that mortgage payments for eligible borrowers are reduced to 31% of their monthly income through a loan modification involving reduction of interest payments of up to five years to permit them to avoid foreclosure and stay in their homes.

16.     Mr. LeBlanc was eligible for relief under the HAMP program; in fact he was just the kind of struggling homeowners the HAMP program was designed to assist. However, he was never approved for a loan permanent loan modification through the HAMP program in spite of the fact that Bank of America received billions of dollars in federal funds through HAMP and other federal funds since the beginning of the foreclosure crisis.

17.     In or about 2009, Mr. LeBlanc began working with Ms. Jackson, a housing counselor at the Frayser Community Development Corporation for help with his request for a loan modification.

18.     After much effort of the Frayser Community Development Corporation, Mr. LeBlanc was granted a temporary loan modification and his monthly payments were reduced to $769.22.

19.     Mr. LeBlanc executed paperwork to have this payment drafted from his bank account on a monthly basis and Bank of America made monthly drafts of this amount over the next two years. In some months two drafts were made.

20.     Meanwhile, Mr. LeBlanc continued to request a permanent modification from BOA.

21.    Every month the housing counselor called BOA to check on the status of the permanent loan modification.

22.    In a conversation on the speaker phone between Mr. LeBlanc, Ms. Jackson and the representative from BOA, Mr. LeBlanc was told that he would receive a permanent loan modification.   The BOA representative said that he should temporarily stop making payments until BOA could calculate the correct payment for the permanent loan modification.

23.    Mr. LeBlanc was told by the BOA representative that it should take no more than three months. Relying on the statement of the BOA representative, Mr. LeBlanc stopped making payments.

24.    Then, about two months after Plaintiff had the conversation with the BOA representative; BOA began to assert that the loan was in default and threatened foreclosure.

25.    Mr. LeBlanc would have continued making payments and avoided the default if he had understood that BOA was not calculating a new loan payment.

26.    In a panic over the turn of events, he enlisted the help of the housing counselor at the Frayser Community Development Corporation again.

27.    When that didn't work, Mr. LeBlanc had to file a Chapter 13 Bankruptcy petition to stop the foreclosure.

28.    In November 2011, Mr. LeBlanc's bankruptcy attorney sent a letter to BOA giving permission for a representative to speak to Mr. LeBlanc about a permanent loan modification.

29.    Later, in February 2012, Mr. LeBlanc's bankruptcy attorney submitted yet

another completed permanent loan modification application.

30.     Mr. LeBlanc continued thereafter to provide information to BOA regarding the application for a permanent loan modification.

31.     On May 12, 2012, BOA denied Mr. LeBlanc's permanent loan modification request claiming that he had not provided the documents it requested.

32.     The stress and angst of the threatened foreclosure sale and his inability to get the matter resolved caused Mr. LeBlanc to have serious health problems or exacerbated existing problems including epileptic seizures and heart problems.

33.     As a result, Mr. LeBlanc has been unable to work and has applied for Social Security Disability.

34.     As a result of the practices set out above the Plaintiff is in jeopardy of losing his home to foreclosure.

<u>Claims for Relief</u>

**COUNT I: Violation of Regulation Z of the Truth-In-Lending Act**

35.     The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

36.     By failing to notify Mr. LeBlanc of the change in ownership of his mortgage the Defendants have violated the provisions of Regulation Z of the federal Truth-In-Lending Act found at 12 C.F.R.§ 226.39.

**COUNT II: Tennessee Consumer Protection Act Violation**

37.     The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

38.     The Defendants' acts in attempting to collect double payments as set forth in the

Complaint constitute unfair and deceptive acts and practices as prohibited by the Tennessee Consumer Protection Act.

39.   The Defendants' acts in being unresponsive to countless inquiries about the status of Mr. LeBlanc's permanent loan modification; requiring Mr. LeBlanc to send the same documents over and over again; misleading Mr. LeBlanc about the recalculation of his loan payments; arbitrarily denying his permanent loan modification; and failing to articulate any understandable reason for denying the permanent loan modification request constitute unfair and deceptive acts and practices within the meaning of the Tennessee Consumer Protection Act.

40.   The Defendants' practice of delaying notification about status of permanent loan modification while forging ahead with foreclosure procedures constitutes an unfair and deceptive practice under the Tennessee Consumer Protection Act.

41.   The Defendants' acts in promising the Plaintiff a permanent loan modification and then reneging on that promise constitute unfair and deceptive acts and practices as prohibited by the Tennessee Consumer Protection Act.

42.   Defendants' acts, policies, and practices constitute unfair or deceptive acts or practices affecting the conduct of trade or commerce and violate the Tennessee Consumer Protection Act.

43. Defendants' violation of the Tennessee Consumer Protection Act was willful and knowing.

## COUNT III: Breach of Contract

44.   The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

45.     By committing the acts complained of, the Defendants have breached a

contractual agreement between them and the Plaintiff that he would receive a

permanent loan modification if he successfully completed a trial forbearance

agreement.

46.     By committing the acts complained of the Defendants breached the common law

covenant of good faith and fair dealing in conjunction with their contractual

obligations in servicing the mortgage.

### COUNT IV: PROMISORY ESTOPPEL

47.     The allegations of all other paragraphs and claims in this pleading are

incorporated as if fully rewritten herein.

48.     The Defendants' representative made a promise that Mr. LeBlanc's loan

payments were in the process of being recalculated and that he should stop making

payments until he was instructed on the amount of the new payments under the

permanent loan modification.

49.     The promise of a permanent loan modification was unambiguous and not so

vague as to be unenforceable.  Mr. LeBlanc had been in this situation before.  He had

successfully paid his temporary loan payment for two years without a default.

50.     Mr. LeBlanc reasonably relied upon the promise to his detriment.

51.     Had the representative not made the promise that BOA would recalculate Mr.

LeBlanc's payments for the permanent loan modification, Mr. LeBlanc would not

have stopped his payments and he would not have gone into default on his mortgage.

### COUNT V:  NEGLIGENT MISREPREPRESENTATION

52.     The allegations of all other paragraphs and claims in this pleading are

incorporated as if fully rewritten herein.

53.     The BOA representative, acting in the course of her employment, provided faulty

information which was meant to guide Mr. LeBlanc in his attempt to obtain a

permanent loan modification.

54.     BOA's representative failed to exercise reasonable care in providing and/or

communicating the information to Mr. LeBlanc.

55.     Mr. LeBlanc justifiably relied upon the information provided by the BOA

representative.

WHEREFORE, PREMISES CONSIDERED, THE PLAINTIFF PRAYS:

1. That proper service issue and be served upon the Defendants requiring them to answer

this Complaint and Petition.

2. That the Court issue a Temporary Restraining Order prohibiting all of the Defendants

their employees, agents, successors and/or assigns from proceeding with a scheduled foreclosure

sale of the property located at 3786 Old Brownsville Road in Memphis, Shelby County,

Tennessee

3.That the Court issue a Temporary Injunction prohibiting any and all of the Defendants,

their employees, agents, successors and/or assigns from proceeding with a scheduled foreclosure

sale of the property until a trial on the merits of the claims raised in this action.

4. That the Court issue an order declaring that the conduct of the Defendants violates the

Tennessee Consumer Protection Act.

5.  That the Court enter judgment, including treble damages, against the Defendants and

in favor of Plaintiffs for willful violations of the Tennessee Consumer Protection Act.

6. That the Court enter judgment against Defendants in favor of Plaintiff for damages

resulting from their failure to provide the notification required by Regulation Z.

7. That the Court enter judgment against Defendants and in favor of Plaintiff for breach of contract.

8. That the Court enter judgment against Defendants and in favor Plaintiff on his claim of promissory estoppel.

9. That the Court enter judgment against the Defendants and in favor of Plaintiff on his claim of negligent misrepresentation.

8. That the Plaintiffs be awarded all costs and expenses, including attorney fees, incurred as a result of this action, pursuant to Tenn. Code Ann. §47-18-101 *et seq.*

9. For such other and further relief as to which the Plaintiffs may be entitled.

Respectfully Submitted,

**Brewer & Barlow PLC**

By: _____
Webb Brewer (B.P.R. No. 9030)
Steven E. Barlow (B.P.R. No. 023498)
Deidre Smith (B.P.R. No. 018499)
Attorneys for Plaintiff
1755 Kirby Parkway, Suite 110
Memphis, TN 38120
(901) 757-3360

**<u>AFFIDAVIT</u>**

STATE OF TENNESSEE
COUNTY OF SHELBY

    I John M. LeBlanc, having been duly sworn, state as follows:

1.  I have reviewed the allegations of the Complaint and they are true and correct to the

    best of my knowledge, information and belief.

FURTHER, AFFIANT SAYETH NOT.

                                JOHN M. LEBLANC

    Sworn and subscribed to before me this _26_ day of November, 2012

                                  _____
NOTARY PUBLIC

                          JEFFREY A. SMITH
                            STATE
                            OF
                          TENNESSEE
                          NOTARY
                          PUBLIC
                        SHELBY COUNTY

My commission Expires:

    MY COMMISSION EXPIRES:
        JUNE 29, 2015

**FIAT**

TO THE CLERK OF THIS COURT:

Please issue the Temporary Restraining Order as prayed for in the attached Complaint prohibiting the Defendants from going forward with a scheduled foreclosure sale on the property at 3786 Old Brownsville Road in Memphis, Tennessee and set the matter of a temporary injunction for hearing on the *11th* day of *Dec*, 2012 at *10:00* o' clock *a.m.* p.m. /a.m.

*Walter L. Evans*
CHANCELLOR

Date: *11/26*, 2012

## **AFFIDAVIT**

STATE OF TENNESSEE
COUNTY OF SHELBY

I John M. LeBlanc, having been duly sworn, state as follows:

1. I have reviewed the allegations of the Complaint and they are true and correct to the

   best of my knowledge, information and belief.

FURTHER, AFFIANT SAYETH NOT.

JOHN M. LEBLANC

Sworn and subscribed to before me this 26 day of November, 2012

NOTARY PUBLIC

My commission Expires:

MY COMMISSION EXPIRES:
JUNE 29, 2015

*- page 11 -*

## FIAT

TO THE CLERK OF THIS COURT:

Please issue the Temporary Restraining Order as prayed for in the attached Complaint

prohibiting the Defendants from going forward with a scheduled foreclosure sale on the property at

3786 Old Brownsville Road in Memphis, Tennessee and set the matter of a temporary injunction for

hearing on the 11th day of Dec, 2012 at 10:00 o' clock a.m. p.m. /a.m.

Walter L. Evans

CHANCELLOR

Date: 11/26, 2012

DEC 2 6 2012

## IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | | |
|---|---|---|
| JOHN MICHAEL LEBLANC | ) | |
| | ) | |
|     Plaintiff. | ) | |
| | ) | |
| VS. | ) | Docket No. CH-12-1810-1 |
| | ) | |
| BANK OF AMERICA, N.A. and | ) | |
| BAC HOME LOANS SERVICING, LP | ) | |
|  fka COUNTRYWIDE HOME LOANS | ) | |
| SERVICING, LP CORP., | ) | |
| RUBIN LUBLIN TN, PLLC | ) | |
| | ) | |
| | ) | |
|     Defendants. | ) | |

## ORDER CONTINUING INJUNCTIVE RELIEF UNTIL JANUARY 10, 2012

A Temporary Restraining Order was granted in this matter on November 26, 2012 prohibiting the Defendants from proceeding with a foreclosure sale on the property located at 3786 Old Brownsville Road, Memphis, Tennessee until a hearing could be held on Plaintiffs' application for a Temporary Injunction. That hearing is set for December 11, 2012.

Defendant Bank of America is not available for the hearing on December 11, 2012. The parties have agreed that the restraining order prohibiting the Defendants from proceeding with the foreclosure sale of the property 3786 Old Brownsville Road, Memphis, Tennessee should remain in effect until the hearing is held on injunctive relief on January 10, 2012.

IT IS SO ORDERED

## WALTER L. EVANS

Chancellor Walter Evans

Date: _12/11/2012_

A TRUE COPY-ATTEST

Donna L. Russell, Clerk & Master

By _____ D.C. & M.

*- page 1 -*

APPROVED FOR ENTRY:

Webb Brewer (B.P.R. No. 9030)
Deidre Smith (B.P.R. No. 18499)
Brewer & Barlow
1755 Kirby Parkway, Suite 110
Memphis, Tennessee 38120
(901) 757-3360
Attorneys for Plaintiff

Paul Allen England
Stites and Harbison, PLLC
401 Commerce St., Suite 800
Nashville, TN 37219
Attorney for Bank of America, N.A.

Natalie Brown
Rubin Lublin, LLC/ Rubin Lublin TN, PLLC
119 S. Main Street, Suite 500
Memphis, TN  38103
Attorney for Rubin Lublin, LLC

## IN THE CHANCERY COURT OF SHELBY COUNTY
## FOR THE THIRTIETH JUDICIAL DISTRICT OF TENNESSEE

JOHN MICHAEL LEBLANC,

     Plaintiffs,

     vs.

BANK OF AMERICA, N.A., BAC HOME
LOANS SERVICING, LP fka
COUNTRYWIDE HOME LOANS
SERVICING LP, and RUBIN LUBLIN TN,
PLLC

     Defendants.

Case No. CH-12-1810-1

## VERIFIED ANSWER OF RUBIN LUBLIN TN, PLLC
## BY SPECIAL APPEARANCE

**TO THE CHANCELLORS OF THE CHANCERY COURT FOR THE THIRTIETH JUDICIAL DISTRICT:**

COMES NOW, RUBIN LUBLIN TN, PLLC ("Rubin Lublin" or "Defendant"), one of the named Defendant in the above-styled action, by special appearance and without waiving any defenses, including but not limited to insufficiency of process and insufficiency of service of process, and files its Verified Answer to Plaintiffs' Complaint, respectfully showing this Honorable Court as follows:

## FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim against Rubin Lublin upon which relief may be granted.

## SECOND DEFENSE

Rubin Lublin has not been properly served with Summons and the Complaint and thus there is insufficiency of process.

1

{RL.0125/S0368617_1}

## THIRD DEFENSE

Rubin Lublin has not been properly served with Summons and the Complaint and thus there is and insufficiency of service of process.

## FOURTH DEFENSE

Rubin Lublin is not a necessary party to this action and it is Rubin Lublin's reasonable belief that it was named in this action solely in its capacity as trustee under the Plaintiff's Deed of Trust. *See* T.C.A. § 35-5-116. Rubin Lublin's belief is based on the fact that there are no allegations in the Complaint that relate to the conduct of Rubin Lublin and Rubin Lublin is not mentioned anywhere in the Complaint outside of being identified as a party to this action.

## FOURTH DEFENSE

Rubin Lublin reserves the right to assert any affirmative defense(s) and matter(s) in avoidance as may be disclosed during the course of additional investigation and discovery.

## FIFTH DEFENSE

Subject to and without waiving any of its other respective rights, defenses or objections, Rubin Lublin, by and through counsel, responds to the specific averments set forth in the individual and enumerated paragraphs of Plaintiffs' Complaint as follows:

### I.    PRELIMINARY STATEMENT

1.

The allegations set forth in Paragraph 1 of Plaintiff's Complaint state a legal conclusion and, as such, require no response. Insofar as the allegations set forth in Paragraph 1 of Plaintiff's Complaint may be deemed to require a response, Rubin Lublin denies these allegations.

2

## II.    JURISDICTION AND VENUE

### 2.

The allegations set forth in Paragraph 2 of Plaintiff's Complaint state a legal conclusion and, as such, require no response. Insofar as the allegations set forth in Paragraph 2 of Plaintiff's Complaint may be deemed to require a response, Rubin Lublin denies these allegations.

### 3.

The allegations set forth in Paragraph 3 of Plaintiff's Complaint state a legal conclusion and, as such, require no response. Insofar as the allegations set forth in Paragraph 3 of Plaintiff's Complaint may be deemed to require a response, Rubin Lublin denies these allegations.

## III.    PARTIES

### 4.

Rubin Lublin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of Plaintiff's Complaint and can, therefore, neither admit nor deny the same.

### 5.

Rubin Lublin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of Plaintiff's Complaint and can, therefore, neither admit nor deny the same.

### 6.

Rubin Lublin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of Plaintiff's Complaint and can, therefore, neither admit nor deny the same.

7.

Rubin Lublin admits the allegations set forth in Paragraph 7 of Plaintiff's Complaint.

## IV.   FACTUAL ALLEGATIONS

8.

Rubin Lublin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of Plaintiff's Complaint to the extent they relate to the Plaintiff's marital and financial difficulty and can, therefore, neither admit nor deny the same. Rubin Lublin admits the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

Rubin Lublin admits the allegations set forth in Paragraph 9 of Plaintiff's Complaint insofar as the Plaintiff obtained a thirty year adjustable rate loan in the amount of $114,300.00 with an initial interest rate of 10.800%.   Rubin Lublin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of Plaintiff's Complaint to the extent they relate to the Plaintiff's beliefs as to the interest rate and disclosures stated on the Adjustable Rate Rider attached to the Deed of Trust, and can, therefore, neither admit nor deny the same.

10.

Rubin Lublin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of Plaintiff's Complaint and can, therefore, neither admit nor deny the same.

4

11.

Rubin Lublin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of Plaintiff's Complaint and can, therefore, neither admit nor deny the same.

12.

Rubin Lublin admits the allegations set forth in Paragraph 12 of Plaintiff's Complaint.

13.

Rubin Lublin admits the allegations set forth in Paragraph 13 of Plaintiff's Complaint.

14.

All of Paragraph 14 of the Plaintiff's Complaint was not included in the copy of the Complaint faxed to Rubin Lublin's counsel, as such, Rubin Lublin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of Plaintiff's Complaint and can, therefore, neither admit nor deny the same.

15.

The allegations set forth in Paragraph 15 of Plaintiff's Complaint state a legal conclusion and, as such, require no response. Insofar as the allegations set forth in Paragraph 15 of Plaintiff's Complaint may be deemed to require a response, Rubin Lublin denies these allegations.

16.

The allegations set forth in Paragraph 16 of Plaintiff's Complaint state a legal conclusion and, as such, require no response. Insofar as the allegations set forth in Paragraph 16 of Plaintiff's Complaint may be deemed to require a response, Rubin Lublin denies these allegations.

{RL.0125/S0368617_1}

17.

Rubin Lublin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of Plaintiff's Complaint and can, therefore, neither admit nor deny the same.

18.

Rubin Lublin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of Plaintiff's Complaint and can, therefore, neither admit nor deny the same.

19.

Rubin Lublin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of Plaintiff's Complaint and can, therefore, neither admit nor deny the same.

20.

Rubin Lublin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of Plaintiff's Complaint and can, therefore, neither admit nor deny the same.

21.

All of Paragraph 21 of the Plaintiff's Complaint was not included in the copy of the Complaint faxed to Rubin Lublin's counsel, as such, Rubin Lublin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of Plaintiff's Complaint and can, therefore, neither admit nor deny the same.

22.

Rubin Lublin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of Plaintiff's Complaint and can, therefore, neither admit nor deny the same.

23.

Rubin Lublin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of Plaintiff's Complaint and can, therefore, neither admit nor deny the same.

24.

Rubin Lublin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of Plaintiff's Complaint and can, therefore, neither admit nor deny the same.

25.

Rubin Lublin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of Plaintiff's Complaint and can, therefore, neither admit nor deny the same.

26.

Rubin Lublin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of Plaintiff's Complaint and can, therefore, neither admit nor deny the same.

27.

Rubin Lublin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of Plaintiff's Complaint as they relate to the

{RL.0125/S0368617_1}

Plaintiff's reasons for filing bankruptcy, and can, therefore, neither admit nor deny the same. Rubin Lublin admits the remaining allegations set forth in Paragraph 27 of Plaintiff's Complaint insofar as he filed for bankruptcy.

28.

Rubin Lublin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of Plaintiff's Complaint and can, therefore, neither admit nor deny the same.

29.

All of Paragraph 29 of the Plaintiff's Complaint was not included in the copy of the Complaint faxed to Rubin Lublin's counsel, as such, Rubin Lublin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of Plaintiff's Complaint and can, therefore, neither admit nor deny the same.

30.

Rubin Lublin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of Plaintiff's Complaint and can, therefore, neither admit nor deny the same.

31.

Rubin Lublin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of Plaintiff's Complaint and can, therefore, neither admit nor deny the same.

8

32.

Rubin Lublin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of Plaintiff's Complaint and can, therefore, neither admit nor deny the same.

33.

Rubin Lublin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of Plaintiff's Complaint and can, therefore, neither admit nor deny the same.

34.

Rubin Lublin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of Plaintiff's Complaint and can, therefore, neither admit nor deny the same.

## COUNT I
## VIOLATION OF REGULATION Z OF THE TRUTH-IN-LENDING ACT

35.

In response to the averments set forth in Paragraph 35 of Plaintiff's Complaint, Rubin Lublin incorporates its responses to the above paragraphs as if fully restated herein.

36.

The allegations set forth in Paragraph 36 of Plaintiff's Complaint state a legal conclusion and, as such, require no response. Insofar as the allegations set forth in Paragraph 36 of Plaintiff's Complaint may be deemed to require a response, Rubin Lublin denies these allegations.

9

## COUNT II
## TENNESSEE CONSUMER PROTECTION ACT

37.

In response to the averments set forth in Paragraph 37 of Plaintiff's Complaint, Rubin Lublin incorporates its responses to the above paragraphs as if fully restated herein.

38.

All of Paragraph 38 of the Plaintiff's Complaint was not included in the copy of the Complaint faxed to Rubin Lublin's counsel, as such, Rubin Lublin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of Plaintiff's Complaint and can, therefore, neither admit nor deny the same.

39.

Rubin Lublin denies the allegations contained in Paragraph 39 of the Plaintiff's Complaint.

40.

Rubin Lublin denies the allegations contained in Paragraph 40 of the Plaintiff's Complaint.

41.

Rubin Lublin denies the allegations contained in Paragraph 41 of the Plaintiff's Complaint.

42.

Rubin Lublin denies the allegations contained in Paragraph 42 of the Plaintiff's Complaint.

{RL.0125/S0368617_1}

43.

Rubin Lublin denies the allegations contained in Paragraph 39 of the Plaintiff's Complaint.

## COUNT III
## BREACH OF CONTRACT

44.

In response to the averments set forth in Paragraph 44 of Plaintiff's Complaint, Rubin Lublin incorporates its responses to the above paragraphs as if fully restated herein.

45.

All of Paragraph 45 of the Plaintiff's Complaint was not included in the copy of the Complaint faxed to Rubin Lublin's counsel, as such, Rubin Lublin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of Plaintiff's Complaint and can, therefore, neither admit nor deny the same.

46.

Rubin Lublin denies the allegations contained in Paragraph 46 of the Plaintiff's Complaint.

## COUNT IV
## PROMISSORY ESTOPPEL

47.

In response to the averments set forth in Paragraph 47 of Plaintiff's Complaint, Rubin Lublin incorporates its responses to the above paragraphs as if fully restated herein.

11

{RL.0125/S0368617_1}

48.

Rubin Lublin denies the allegations contained in Paragraph 48 of the Plaintiff's Complaint.

49.

The allegations set forth in Paragraph 49 of Plaintiff's Complaint state a legal conclusion and, as such, require no response. Insofar as the allegations set forth in Paragraph 49 of Plaintiff's Complaint may be deemed to require a response, Rubin Lublin denies these allegations.

50.

The allegations set forth in Paragraph 50 of Plaintiff's Complaint state a legal conclusion and, as such, require no response. Insofar as the allegations set forth in Paragraph 50 of Plaintiff's Complaint may be deemed to require a response, Rubin Lublin denies these allegations.

51.

Rubin Lublin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51 of Plaintiff's Complaint and can, therefore, neither admit nor deny the same.

## COUNT V
## NEGLIGENT MISREPRESENTATION

52.

In response to the averments set forth in Paragraph 52 of Plaintiff's Complaint, Rubin Lublin incorporates its responses to the above paragraphs as if fully restated herein.

12

53.

Rubin Lublin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 of Plaintiff's Complaint and can, therefore, neither admit nor deny the same.

54.

The allegations set forth in Paragraph 54 of Plaintiff's Complaint state a legal conclusion and, as such, require no response. Insofar as the allegations set forth in Paragraph 54 of Plaintiff's Complaint may be deemed to require a response, Rubin Lublin denies these allegations.

55.

The allegations set forth in Paragraph 55 of Plaintiff's Complaint state a legal conclusion and, as such, require no response. Insofar as the allegations set forth in Paragraph 55 of Plaintiff's Complaint may be deemed to require a response, Rubin Lublin denies these allegations.

56.

Rubin Lublin denies each and every allegation not specifically admitted herein.

WHEREFORE, having fully responded to each and every allegation set forth in Plaintiff's Complaint, Defendant Rubin Lublin respectfully prays as follows:

(a)     That Plaintiff's Complaint be dismissed with prejudice;

(b)     That Rubin Lublin be discharged with all costs, and the attorney's fees incurred by Rubin Lublin in defending this action, cast against the Plaintiff; and

(c)     That this Court grants such other and further relief as it deems just and proper.

Respectfully submitted this 26th day of December, 2012.

_____
PETER L. LUBLIN
BPR # 27928
J. KELSEY GRODZICKI
BPR # 30034
NATALIE K. BROWN
BPR # 22452
ATTORNEYS FOR DEFENDANT
RUBIN LUBLIN TN, PLLC

Rubin Lublin TN, PLLC
3740 Davinci Court, Suite 150
Peachtree Corners, GA 30092
(770) 246-3324 (Telephone)
(404) 601-5458 (Facsimile)
plublin@rubinlublin.com
kgrodzicki@rubinlublin.com

14

## CERTIFICATE OF SERVICE

I hereby certify that I have this 26th day of December, 2012, served all parties the within and foregoing **VERIFIED ANSWER OF RUBIN LUBLIN TN, PLLC BY SPECIAL APPEARANCE** by placing a true and correct copy of same in the United States Mail, with first-class postage affixed thereto, properly addressed as follows:

Webb Brewer
Brewer & Barlow, P.C.
1755 Kirby Parkway, Suite 110
Memphis, TN 38120

Paul England
Stites & Harbison PLLC
401 Commerce Street, Suite 800
Nashville, TN 37219

      PETER L. LUBLIN
      BPR # 27928
      J. KELSEY GRODZICKI
      BPR # 30034
      NATALIE K. BROWN
      BPR # 22452
      ATTORNEYS FOR DEFENDANT
      RUBIN LUBLIN TN, PLLC

Rubin Lublin TN, PLLC
3740 Davinci Court, Suite 150
Peachtree Corners, GA 30092
(770) 246-3324 (Telephone)
(404) 601-5458 (Facsimile)
plublin@rubinlublin.com
kgrodzicki@rubinlublin.com

15

## IN THE CHANCERY COURT OF SHELBY COUNTY
## FOR THE THIRTIETH JUDICIAL DISTRICT OF TENNESSEE

JOHN MICHAEL LEBLANC,

     Plaintiffs,

     vs.

BANK OF AMERICA, N.A., BAC HOME
LOANS SERVICING, LP fka
COUNTRYWIDE HOME LOANS
SERVICING LP, and RUBIN LUBLIN TN,
PLLC

     Defendants.

Case No. CH-12-1810-1

## **VERIFICATION**

**TO THE CHANCELLORS OF THE CHANCERY COURT FOR THE THIRTIETH JUDICIAL DISTRICT:**

STATE OF GEORGIA
COUNTY OF GWINNETT

**PERSONALLY APPEARED** before the undersigned officer duly authorized by law to administer oaths, comes J. Kelsey Grodzicki, attorney for Rubin Lublin TN, PLLC, who after first being duly sworn, deposes and states under oath that the Verified Answer of Rubin Lublin TN, PLLC by Special Appearance to Plaintiff's Complaint is true and correct according to the best of my personal knowledge and belief.

This 26th day of December, 2012.

_____
J. Kelsey Grodzicki
BPR # 30034

STATE OF GEORGIA
COUNTY OF GWINNETT

 On this 26th day of _December_ , 2012, before me the undersigned Notary of and for said State and County, personally appeared J. Kelsey Grodzicki , personally known to me or satisfactorily proved to be the person described in and who executed the foregoing instrument, and who acknowledged the execution of same to be his/her free act and deed.

 IN WITNESS WHEREOF I have hereunto set my hand and notarial seal.

_____
Notary Public
My commission expires: 3/14/2014

VERIFICATION FOR ANSWER OF RUBIN LUBLIN, TN, PLLC
Case No. CH-12-1810-1, Chancery Court of Shelby County