**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| JOHN MICHAEL LEBLANC, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BANK OF AMERICA, N.A. and | )    No. 2:13-cv-02001-JPM-tmp |
| BAC HOME LOANS SERVICING, LP | ) |
| (f/k/a COUNTRYWIDE HOME LOANS | ) |
| SERVICING, LP, CORP.); | ) |
| RUBIN LUBLIN TN, PLLC, | ) |
|     Defendants. | ) |

**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Before the Court is Defendant Rubin Lublin TN, PLLC's ("Defendant" or "Rubin Lublin") Motion for Judgment on the Pleadings, filed March 25, 2013. (ECF No. 18.) Plaintiff did not file a response. For the reasons below, Defendant's Motion is GRANTED.

I.    **BACKGROUND**

Plaintiff John Michael LeBlanc ("Plaintiff" or "LeBlanc") filed a Petition for Declaratory and Injunctive Relief and Complaint for Damages in the Chancery Court of Shelby County, Tennessee, for the Thirtieth Judicial District at Memphis on November 26, 2012. (ECF No. 1-2.) The Petition and Complaint named Bank of America Corporation, BAC Home Loans Servicing, LP, and Rubin Lublin as Defendants. (Id. ¶¶ 5-7.) LeBlanc made numerous state-law claims, including violation of the Tennessee

Consumer Protection Act ("TCPA"), breach of contract, promissory estoppel, and negligent misrepresentation. (See id. ¶¶ 37-55.) LeBlanc also made one claim arising under federal law, violation of the Truth-in-Lending Act. (See id. ¶¶ 35-36.) LeBlanc sought a temporary restraining order and temporary injunction against all Defendants "from proceeding with a scheduled foreclosure sale of the property located at 3786 Old Brownsville road in Memphis, Shelby County, Tennessee." (Id. at 9, ¶¶ 2-3.) LeBlanc also sought a declaration stating that Defendants' acts violated the TCPA, damages under the TCPA, and judgments against Defendants for the remaining claims. (Id. at 9-10, ¶¶ 4-9.)

On December 26, 2012, Rubin Lublin filed a Verified Answer to Plaintiff's Complaint, asserting a number of defenses. (ECF No. 1-2 at PageID 25-39.) Notably, Rubin Lublin alleged that it should be dismissed from the action as it is "not a necessary party" and believes it was only named in the action "solely in his capacity as trustee under the Plaintiff's Deed of Trust." (Id. at PageID 26.) This belief was "based on the fact that there are no allegations in the Complaint that relate to the conduct of Rubin Lublin and Rubin Lublin is not mentioned anywhere in the Complaint outside of being identified as a party to this action." (Id.)

Defendant Bank of America, N.A., as "successor by merger to BAC Home Loans Servicing, LP," properly removed the action to

this Court on January 2, 2013.  (<u>See</u> ECF No. 1.)  Rubin Lublin
filed 3 notices of appearance and its corporate disclosure
statement on March 15, 2013.  (ECF No. 14; ECF No. 15; ECF No.
16; ECF No. 17.)  On March 25, 2013, Rubin Lublin filed the
instant Motion for Judgment on the Pleadings pursuant to Federal
Rules of Civil Procedure ("Rule") 12(c) and 12(b)(6).  (ECF No.
18 at 1.)  LeBlanc did not file a response, and the time within
which to do so has expired.  <u>See</u> LR 12.1(a).

Rubin Lublin argues that a judgment on the pleadings should
be entered finding that "there are no issues of material fact
and that the Plaintiff has failed to state a claim in the
Complaint upon which relief may be granted."  (ECF No. 18 at 1.)

## II.  STANDARD OF REVIEW

Rubin Lublin filed the instant motion under Rules 12(c) and
12(b)(6).  (ECF No. 18 at 1.)

Rubin Lublin states in the memorandum in support of the
instant Motion that its Rule 12(c) Motion is "asserting that the
Complaint fails to state a claim upon which relief can be
granted, and thus this Court should utilize the standard
employed when deciding a 12(b)(6) motion."  (ECF No. 18-1 at 3.)
The Court agrees.  "Where the 12(b)(6) defense is raised under a
Rule 12(c) motion for judgment on the pleadings, courts apply
the standard for reviewing a 12(b)(6) motion."  <u>Mull v.</u>
<u>Available Mortg. Funding, LLC</u>, 2:11-cv-2338-STA-dkv, 2012 WL

1022966, at *1 (W.D. Tenn. Mar. 26, 2012) (quoting Morgan v. Church's Fried Chicken, 829 F.2d 10, 11 (6th Cir. 1987)).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss the plaintiff's complaint for "failure to state a claim upon which relief can be granted." Under Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a "civil complaint only survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Courie v. Alcoa Wheel & Forged Prods., 577 F.3d 625, 629 (6th Cir. 2009) (alteration in original) (quoting Iqbal, 556 U.S. at 678).

"A court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations." Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 360 (6th Cir. 2001) The court must instead "construe the complaint in the light most favorable to the plaintiff, accept all its allegations as true, and draw all reasonable inferences in favor of the plaintiff." In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 903 (6th Cir. 2009) (internal quotation marks omitted). The court, however, "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." Id. (alteration omitted) (citation omitted) (internal

quotation marks omitted).  "A claim is plausible on its face if
the 'plaintiff pleads factual content that allows the court to
draw the reasonable inference that the defendant is liable for
the misconduct alleged.'" Ctr. for Bio-Ethical Reform, Inc. v.
Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal,
556 U.S. at 678).

   The court may not dismiss a "plaintiff's complaint solely
because the plaintiff fails to respond to a Rule 12(b)(6) motion
to dismiss." Allstate Ins. Co., 201 F. App'x at 315 (Gwin, J.,
dissenting) (citing Carver v. Bunch, 946 F.2d 451, 452 (6th Cir.
1991)).  "[R]egardless [of whether] an adverse party fails to
respond," the court "is required at a minimum, to examine the
movant's motion [to dismiss] to ensure that he has discharged"
his initial burden.  Carver, 946 F.2d at 454-55.

   Rubin Lublin has also attached documents regarding its role
as trustee in the instant case to its Motion.  Under Rule 12(d),
"[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside
the pleadings are presented to and not excluded by the court,
the motion must be treated as one for summary judgment under
Rule 56."  In the instant case, the Court will consider these
attachments without converting the instant Motion to a Motion
for Summary Judgment as "exhibits attached [to the complaint],
public records, items appearing in the record of the case and
exhibits attached to defendant's motion to dismiss" can be

considered "so long as they are referred to in the complaint and are central to the claims contained therein." Rondigo, L.L.C. v. Twp. of Richmond, 641 F.3d 673, 681 (6th Cir. 2011) (alteration in original) (internal quotation marks omitted), reh'g and reh'g en banc denied, (6th Cir. July 28, 2011).  In the instant case, Plaintiff's Complaint names Rubin Lublin as a defendant, describing it is a "professional limited liability corporation duly licensed in the State of Tennessee." (ECF No. 1-2 at PageID 10, ¶ 7.)  Rubin Lublin's memorandum in support of its Motion to Dismiss contends that Rubin Lublin is a substitute trustee under the Deed of Trust (ECF No. 18-2) and Appointment of Substitute Trustee (ECF No. 18-3) associated with Plaintiff's home loan and promissory note referred to Plaintiff's Complaint. (ECF No. 18-1 at 2.) As a result, the Court finds Defendant's attachments relate to Plaintiff's Complaint, and Rubin Lublin's status as a trustee is central to its Motion for Judgment on the Pleadings.

**III. ANALYSIS**

Defendant Rubin Lublin seeks dismissal of all claims asserted against it.  Rubin Lublin argues that Plaintiff's Complaint "is insufficient to state a claim against Rubin Lublin" because "[e]ach and every factual allegation relates to alleged actions undertaken by Bank of America, N.A., and not Rubin Lublin." (ECF No. 18-1 at 5.)

6

Taking the factual allegations in the light most favorable to the Plaintiff, the Court finds that Plaintiff has failed to state claim on which relief can be granted against Rubin Lublin. The Complaint contains no factual allegations related to the actions of Rubin Lublin.  (ECF No. 1-2 at PageID 11-14, ¶¶ 8-34.)  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'"  Iqbal, 556 U.S. at 679 (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)); see also Collins v. Mortg. Elec. Registration Sys., Inc., No. 3:11-cv-00264, 2012 WL 859590 (M.D. Tenn. Feb. 14, 2012), adopted, 2012 WL 848041 (M.D. Tenn. Mar. 12, 2012).  As a result, Plaintiff does not "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ctr. for Bio-Ethical Reform, Inc., 648 F.3d at 369 (internal quotation marks omitted).  Accordingly, all claims by Plaintiff against Defendant Rubin Lublin are hereby DISMISSED WITH PREJUDICE.

IT IS SO ORDERED, this 13th day of May, 2013.

/s/ Jon P. McCalla
CHIEF U.S. DISTRICT JUDGE

7